1
2
3                                    NOT FOR CITATION

4                    IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    SAMUEL GOMEZ ALCONTAR,              )        No. C 02-4628 PJH (PR)
                                         )
8                   Petitioner,          )        ORDER DENYING PETITION
                                         )        FOR WRIT OF HABEAS
9    vs.                                 )        CORPUS
                                         )
10   TOM L. CAREY, Warden,               )
                                         )
11                  Respondent.          )
     _____)
12

13          This is a habeas corpus case filed pro se by a state prisoner pursuant to 28

14   U.S.C. § 2254.  The court ordered respondent to show cause why the writ should not be

15   granted.  Respondent has filed an answer and a memorandum of points and authorities

16   in support of it, and has lodged exhibits with the court.  Petitioner has not filed an

17   optional traverse.  The matter is submitted.

18                                    **BACKGROUND**

19          After petitioner waived his rights to a jury trial, a Santa Clara court convicted him

20   of making terrorist threats, see Cal. Penal Code § 422, and found him not guilty of failing

21   to register as a sex offender, see Cal. Penal Code § 290(g)(2).  The court found that he

22   had been convicted of two prior "strike " offenses, but struck one in the interests of

23   justice and sentenced defendant to six years in prison.  The California Court of Appeal

24   affirmed and the California Supreme Court denied review.

25          The following facts are summarized from the opinion of the California Court of

26   Appeal.  Ex. B at 2-3.

27          On the morning of the incident, Linda Gonzales took her three-year-old grandson

28   to her car.  She noticed defendant touching her neighbor at the bus stop in front of her

1   apartment.  As the neighbor walked away, Gonzales saw petitioner touch the neighbor's

2   breast.  Then Gonzales saw petitioner instigate a fight with a man with a cane who was

3   waiting for the bus.  Gonzales asked petitioner to take the fight elsewhere because

4   there was a child in the yard.  The bus came and the man with the cane boarded it.

5   Petitioner then told Gonzales not to call the police and threatened to burn down her

6   home.  Gonzales tried to shut the driveway gate and petitioner called her a bitch and

7   yelled, "shutting the gate won't keep me out, because your house could be burned down

8   to the ground."  He raised his hands toward her, in front of her face.  Gonzales noticed

9   that he appeared to be under the influence of something.  She was afraid and took the

10   threats seriously.

11       A man and a woman waiting for the bus flagged down a police officer.  The

12   police officer talked to those people and Gonzales.  All of the witnesses told him about

13   the threats made by petitioner.  The officer noticed that petitioner was intoxicated,

14   belligerent and uncooperative.  After petitioner tried to walk away, the officer handcuffed

15   him and put him in the patrol car.  Petitioner started violently kicking the car door and

16   windows.  The officer called a sergeant and petitioner settled down.

17       Petitioner was arrested on outstanding warrants, for failure to register as a sex

18   offender, and for making threats.  He was booked and had his blood drawn.  It is

19   undisputed that petitioner's blood alcohol level was .27.

20       Gonzales called the police department several times to see if petitioner had

21   been released.  She was afraid that he would act on his threats.  Apparently her father

22   had burned down their home when she was five and the petitioner's threats brought

23   back old fears.  She indicated to the responding officer that she was very afraid for her

24   own and her family's safety.

25   ///

26   ///

27

28                                          2

1

**STANDARD OF REVIEW**

2    The petition in this case was filed after the effective date of the Antiterrorism and

3   Effective Death Penalty Act of 1996 (AEDPA), so the provisions of that act apply to it.

4   Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499-

5   1500 (9th Cir.), cert. denied, 522 U.S. 93 (1997) ("justice and judicial economy are

6   better served by applying the Act to cases filed after the enactment date.").  Under the

7   AEDPA, a district court may not grant a petition challenging a state conviction or

8   sentence on the basis of a claim that was reviewed on the merits in state court unless

9   the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to,

10   or involved an unreasonable application of, clearly established Federal law, as

11   determined by the Supreme Court of the United States; or (2) resulted in a decision that

12   was based on an unreasonable determination of the facts in light of the evidence

13   presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies

14   both to questions of law and to mixed questions of law and fact, Williams (Terry) v.

15   Taylor, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions

16   based on factual determinations, Miller-El v. Cockrell, 123 S. Ct. 1029, 1041 (2003).

17    A state court decision is "contrary to" Supreme Court authority, that is, falls under

18   the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to

19   that reached by [the Supreme] Court on a question of law or if the state court decides a

20   case differently than [the Supreme] Court has on a set of materially indistinguishable

21   facts." Williams (Terry), 529 U.S. at 412-13.  A state court decision is an "unreasonable

22   application of" Supreme Court authority, falling under the second clause of § 2254(d)(1),

23   if it correctly identifies the governing legal principle from the Supreme Court's decisions

24   but "unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

25   The federal court on habeas review may not issue the writ "simply because that court

26   concludes in its independent judgment that the relevant state-court decision applied

27

28                                      3

1    clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the

2    application must be "objectively unreasonable" to support granting the writ. Id. at 409.

3        When there is no reasoned opinion from the highest state court to consider the

4    petitioner's claims, the court looks to the last reasoned opinion, in this case that of the

5    California Court of Appeal.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991);

6    Shackleford v. Hubbard, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

7                              **DISCUSSION**

8        Petitioner contends that his due process rights were violated by admission of

9    evidence that after he was arrested he became violent and kicked the door and window

10   of the police car.  He argues that the only possible inference that could be drawn from

11   the evidence was the allegedly unconstitutional one that he had a propensity for violent

12   conduct.

13       The California Court of Appeal rejected this claim, finding that the evidence went

14   not only to propensity, but also to whether the threat was in fact intended to be taken as

15   a threat and to whether the victim reasonably feared for her own safety and that of her

16   family.  Ex. B at 4-5.[1]  Under California law, the fact-finder may consider events after the

17   allegedly-threatening statements in determining whether a reasonable person would

18   have considered the statements to be threats; that is, the evidence is not limited to the

19   circumstances at the time the threats are uttered, but later events may render the earlier

20   statements criminal.  Id. at 4-6.  In other words, the statements do have to be the sole

21   _____

22       [1] Petitioner was convicted of violating section 422 of the California Penal Code, "Criminal
     Threats."  The section reads, in relevant part:  "Any person who willfully threatens to commit a

23   crime which will result in death or great bodily injury to another person, with the specific intent
     that the statement, made verbally, in writing, or by means of an electronic communication

24   device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on
     its face and under the circumstances in which it is made, is so unequivocal, unconditional,

25   immediate, and specific as to convey to the person threatened, a gravity of purpose and an
     immediate prospect of execution of the threat, and thereby causes that person reasonably to

26   be in sustained fear for his or her own safety or for his or her immediate family's safety, shall
     be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in

27   the state prison."

28                                    4

1  cause of the victim's fear; that fear may be created by a combination of the statements

2  and later conduct.  Id. at 6.

3       A state court's evidentiary ruling is not subject to federal habeas review unless

4  the ruling violates federal law, either by infringing upon a specific federal constitutional

5  or statutory provision or by depriving the defendant of the fundamentally fair trial

6  guaranteed by due process.  See Pulley v. Harris, 465 U.S. 37, 41 (1984); Jammal v.

7  Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).  The due process inquiry is

8  whether the admission of evidence was arbitrary or so prejudicial that it rendered the

9  trial fundamentally unfair.  Walters v. Maas, 45 F.3d 1355, 1357 (9th Cir. 1995).  But only

10  if there are no permissible inferences that the jury may draw from the evidence can its

11  admission violate due process.  Jammal, 926 F.2d at 920.

12       The appellate courts' holding here that the crime of "criminal threats" can be

13  committed by uttering statements which are reasonably seen as threats only in light of

14  subsequent events is a determination of California law which is binding on this court.

15  See Hicks v. Feiock, 485 U.S. 624, 629 (1988).  Therefore, the evidence of petitioner's

16  conduct in the police car did not go only to propensity.  The finder of fact could also draw

17  a permissible inference from petitioner's post-statements actions,  that the statements

18  were intended as threats and that the victim was reasonably put in fear by them.

19  Admission of the evidence therefore did not violate due process.  See Jammal, 926

20  F.2d at 920 (no violation of due process if fact-finder can draw permissible inference

21  from evidence).

22       In addition, even if it is assumed that the evidence went only to propensity,

23  petitioner would not be entitled to relief because the United States Supreme Court has

24  specifically left open the question of whether admission of propensity evidence violates

25  due process.  Estelle v. McGuire, 502 U.S. 62, 75 n. 5 (1991).  There thus is no "clearly

26  established Federal law, as determined by the Supreme Court of the United States," 28

27

28                                              5

1   U.S.C. § 2254(d), which could have been violated by admission of the prior crime

2   evidence, and it is impossible for petitioner to show, as he must to obtain habeas relief,

3   that the state appellate courts' rejection of his constitutional claim regarding admission

4   of the evidence "was contrary to, or involved an unreasonable application of, clearly

5   established Federal law, as determined by the Supreme Court of the United States." Id.

6          The trial court did not violate petitioner's due process rights, and the rejection of

7   that claim by the state appellate courts was not contrary to, nor an unreasonable

8   application of, clearly established United States Supreme Court precedent.

9                                    **CONCLUSION**

10          For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

11   The clerk shall close the file.

12   IT IS SO ORDERED.

13

14   Dated:  August 16 , 2005.

15                                      _____
                                              PHYLLIS J. HAMILTON
16                                          United States District Judge

17

18

19

20

21

22   G:\PRO-SE\PJH\HC.02\ALCONTAR628.RUL

23

24

25

26

27

28                                              6